### STATE OF CONNECTICUT *v.* LUIS COLON
### (AC 17641)

O'Connell, C. J., and Hennessy and Stoughton, Js.

Argued January 19—officially released April 13, 1999

*Leopold P. DeFusco*, special public defender, for the appellant (defendant).

*Cornelius P. Kelly*, assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Luis Colon, appeals from the judgment of conviction, rendered after a jury trial, of one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and two counts of risk of injury to a child in violation of General Statutes § 53-21. The sole issue on appeal is whether the trial court improperly denied the defendant's motion for a mistrial. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The defendant was the uncle of the victim, a twelve year old girl who baby-sat for his four children. On occasion, the defendant would be alone in his residence with his children and the victim. The victim testified that on those occasions, from the summer of 1994 through November, 1995, the defendant kissed her and committed various sexual assaults on her, and she considered all of these acts to be sexual.

In one incident that occurred in the victim's home, the victim's sister entered a bedroom and observed the defendant engaging in sexual intercourse with the victim. The defendant threatened the victim with harm if she told anyone about what he had done. Although the victim asked her sister not to tell their mother, the sister reported what she had observed to their mother. The victim initially denied that anything had occurred, but eventually disclosed to a teacher and a school nurse that the defendant had sexually molested her. Thereafter, she gave a statement to the police. An examination by a medical doctor revealed that the victim had no hymen and that she had cervical dysplasia, a condition that would not be expected in a young girl who had not had sexual intercourse.

The defendant denied that he had ever been alone with the victim and offered evidence tending to show that he had little opportunity to be alone with the victim and that she was untruthful. In addition to highlighting facts that they believed supported their arguments, both counsel emphasized the credibility of the witnesses as an important issue for the jury.

During his opening argument, the prosecutor asserted that the victim was embarrassed by what had occurred and that the defendant had taken the victim's innocence. He emphasized the victim's youthfulness, claiming that to her all of the kissing and touching that had taken place was sexual, in addition to the intercourse and other sexual assaults. He also told the jury that the victim had not wanted to discuss the events but had to do so. In apparent response to that argument, defense counsel asserted that the prosecution could play games with the word sex, but that on cross-examination the victim had used the correct terms for the male and female genitalia, rather than what he called "child terms."

During the prosecution's closing argument, the following exchange occurred:

"[Prosecutor]: You heard [the victim] testify in terms. Of course she used the word penis. Of course she used the word vagina. [Defense counsel] would have you believe that [the victim] would come in here as a young child, unsophisticated. I believe this defendant took away her childhood. She's grown up now.

"[Defense Counsel]: Objection. I'd ask that that last remark be stricken for two reasons. First place, it's a call to emotion. Second place, it's a statement of his personal belief, which is improper.

"The Court: All right. At this point, I'll instruct the jury that the personal beliefs of the attorneys are not evidence. It's not proper for either attorney to express personal belief."

At the conclusion of closing arguments, defense counsel moved for a mistrial and the motion was denied. This appeal followed.

The defendant claims that the prosecutor's comments amounted to misconduct so egregious as to deprive him of his due process right to a fair trial, entitling him to a mistrial because the comments were improper and substantially prejudicial to him and were not cured by the court's instructions. The defendant claims that the prosecutor's comments improperly (1) expressed his personal opinion, (2) suggested that the victim had been a virgin, a fact for which there had been no evidence, and (3) appealed to the emotions of the jury. We disagree with these claims.

"[A] mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial . . . and the whole proceedings are vitiated. . . . A determination of whether a mistrial

is warranted is left to the sound judgment and discretion of the trial judge. . . . If curative action can obviate the prejudice, the drastic remedy of a mistrial should be avoided." (Citations omitted; internal quotation marks omitted.) *State* v. *Wooten*, 227 Conn. 677, 693–94, 631 A.2d 271 (1993).

Prosecutorial misconduct may occur in the course of closing argument and it may be so egregious that no curative instruction could reasonably be expected to remove its impact. *State* v. *Williams*, 204 Conn. 523, 539, 529 A.2d 653 (1987). However, "[i]n analyzing the defendant's claim, we ask whether the prosecutor's conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. . . . We do not focus alone, however, on the conduct of the prosecutor. The fairness of the trial and not the culpability of the prosecutor is the standard for analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct." (Citations omitted; internal quotation marks omitted.) Id., 539–40.

Moreover, our Supreme Court has considered several factors in assessing whether prosecutorial misconduct is so serious as to amount to a denial of due process. Id., 540. These factors include "the extent to which the misconduct was invited by defense conduct or argument . . . the severity of the misconduct . . . the frequency of the misconduct . . . the centrality of the misconduct to the critical issues in the case . . . the strength of the curative measures adopted . . . and the strength of the state's case." (Citations omitted.) Id.

"In examining the prosecutor's argument we must distinguish between those comments whose effects may be removed by appropriate instructions . . . and those which are flagrant and therefore deny the accused a fair trial. . . . In determining whether the defendant

was denied a fair trial we must view the prosecutor's comments in the context of the entire trial." (Citations omitted.) *State* v. *Haskins*, 188 Conn. 432, 457, 450 A.2d 828 (1982).

After reviewing the record, we conclude that the prosecutor's comments in this case were not so egregious as to deprive the defendant of his constitutional right to a fair trial. The comments occurred during rebuttal argument, were to some extent invited and were not central to the case. There was eyewitness testimony concerning one of the acts committed by the defendant in light of which the case against the defendant was relatively strong. After the motion for mistrial had been made, the trial court opined that the prosecutor's remark was not so egregious as to warrant a mistrial. Finally, the trial court gave an appropriate and prompt curative instruction, which was repeated in its charge to the jury.[1] It is presumed that the jury followed these instructions of the court. *State* v. *Teti*, 50 Conn. App. 34, 45, 716 A.2d 931, cert. denied, 247 Conn. 921, 722 A.2d 812 (1998).

We conclude that the instruction cured any prejudicial impact that the prosecutor's remark might have had. Accordingly, we find no abuse of discretion in the trial court's denial of the motion for mistrial.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] The court's instructions to the jury included the following: "Certain things are not evidence, and you may not consider them in deciding what the facts are. These include arguments and statements by lawyers. The lawyers are not witnesses. What they have said in their closing arguments is intended to help you interpret the evidence, but it is not evidence. To the extent in this case that the prosecutor expressed a personal belief in the credibility of witnesses or in the evidence, you should disregard it. Personal beliefs of attorneys are not evidence, and not relevant to your deliberations. If the facts as you remember the facts differ from the way the lawyers stated the facts, your memory of the facts controls. . . ."